IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD BARELA,

    Plaintiff,

v.                                                                               No. CV 09-0373 RB/GBW

BERNALILLO COUNTY SHERIFF'S OFFICE,
BERNALILLO COUNTY SHERIFF
A. ALLEN #511,
DEPUTY GRIFFITH, #188, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants Allen and Griffith used tazers on Plaintiff while he was handcuffed during his arrest and initial detention.  Plaintiff contends that Defendants' actions amounted to excessive force.  The complaint seeks damages.

No relief is available on Plaintiff's claims against named Defendant Bernalillo County Sheriff's Office, *see, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986), and thus Plaintiff's claims against this Defendant are construed as directed at the County itself.  To establish § 1983 liability against a county, Plaintiff must allege a constitutional violation by an employee <u>and</u> that municipal policy or custom was moving force.  *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998).  The complaint alleges no such County policy or custom, and Plaintiff's claims against Defendant Bernalillo County Sheriff's Office will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary

arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Bernalillo County Sheriff's Office are DISMISSED with prejudice; and Defendant Bernalillo County Sheriff's Office is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants A. Allen # 511 and Deputy Griffith #188.

_____
UNITED STATES DISTRICT JUDGE