IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD BARELA,

    Plaintiff,

v.                                                      No. CV 09-0373 RB/GBW

BERNALILLO COUNTY SHERIFF
A. ALLEN #511, and DEPUTY
GRIFFITH #188,

Defendants.

PROPOSED FINDINGS AND RECOMMENDATION

    This matter is before the Court *sua sponte.* On April 16, 2009, Mr. Barela filed a complaint in which he alleged that Defendants Allen and Griffith violated his Constitutional rights by using tazers on him while he was a detainee at the Bernalillo County Metropolitan Detention Center. *Doc. 1.* Due to Plaintiff's failure to keep his address current with the Court and comply with the conditions of the order granting him leave to proceed *in forma pauperis*, I recommend this matter be dismissed without prejudice.

    On October 26, 2009, Judge Brack issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and dismissing Defendant Bernalillo County Sheriff's Office. *Doc. 7.* Pursuant to that order, Plaintiff was required to file monthly payments that equaled 20% of the preceding month's income or show cause why he had no assets. *Id.* That same day, a copy of the order was mailed to Plaintiff at the Bernalillo County

Metropolitan Detention Center, which was his address of record. On November 23, 2009, Plaintiff's mail was returned as undeliverable with a note that Plaintiff was no longer in custody. *Doc. 9.* To date, Plaintiff has filed no statements or payments, and he still has not updated his address with the Court as required by D.N.M.LR-Civ 83.6.

On January 29, 2010, the Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed due to his failure to comply with Judge Brack's order and his failure to keep the Court apprised of his address. *Doc. 10.* That order was mailed to Plaintiff's address of record. On February 17, 2010, Plaintiff's copy of the Order to Show Cause was returned as undeliverable. *Doc. 11.* Plaintiff has filed no response to the Order and has made no other filings since June of 2009.

Mr. Barela's failure to comply with the Court's local rules indicates a lack of interest in litigating his claims, and the Court has authority to dismiss his claims for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also Childs v. Ortiz*, 259 F. App'x 139, 141 (10th Cir. 2007).

I THEREFORE RECOMMEND that Plaintiff's case be dismissed without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE